IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GERALD BUSHMAKER,

                 Plaintiffs,

v.

A. W. CHESTERTON COMPANY. and
RAPID AMERICAN CORPORATION,

                 Defendants.

ORDER

09-cv-726-slc

---

Before the court are two matters:  1) plaintiff Gerald Bushmaker's motion to strike defendant A.W. Chesterton's August 2, 2012 expert disclosures as untimely, dkt. 33; and 2) an unresolved disagreement concerning whether defendants may file *Daubert* motions seeking to strike the testimony of plaintiff's experts, Dr. Frank and Dr. Bedrossian. *See* dkts. 22, 23, 35, 36, 38.  Having considered the parties' arguments and reviewed the orders of the MDL panel, I am granting the motion to strike and precluding defendants from filing case-dispositive *Daubert* motions against plaintiff's experts.

## BACKGROUND

As the parties are aware, in the MDL proceedings, plaintiff's case was consolidated with nine others, which were designated as  the "Top Ten" cases.  These cases were assigned to Eastern District of Pennsylvania Magistrate Judge David Strawbridge, who issued a number of Case Management and Scheduling Orders.  Fact discovery closed sometime before October 12, 2011.  *See* dkt. 33, exh. 2. As pertinent here, on November 16, 2011, defendants were given a deadline of January 6, 2012 to file expert reports.  *See* docket report for Case 2:10-cv-61116-ER (E.D. Penn.), dkt. 78, available at https://ecf.paed.uscourts.gov; *see also* dkt. 41, exh. 4 and dkt. 23, exh. A.  They were also directed to file motions *in limine*  (except those pertaining to three named experts, none of whom has been named by plaintiff in this case) by January 16, 2012.  *Id*.

On January 6, 2012, Rapid American and some of the other defendants filed expert reports or asked for more time to do so. Defendant A.W. Chesterton did neither. *Id.*, E.D. Pa. dkts. 108-114.

On February 1, 2012, Magistrate Judge Strawbridge entered an order granting the parties' joint request to extend the deadlines for expert discovery and motions *in limine* by 45 days. Under the terms of the February 1 order (titled "Third Amended Case Management and Scheduling Order"), defendants were to file motions *in limine* "where the exclusion of evidence from that expert would be case dispositive" by March 2, 2012. *Id.*, E.D. Pa. dkt. 139; dkt. 41, exh. 2. The order specified that such case-dispositive motions were "the only type of motion *in limine* that should be filed by the parties." *Id.* at n.3.

In a separate order issued that same date, Judge Strawbridge denied without prejudice the more-than-75 motions *in limine* that had been filed pursuant to the deadline set in the November 16 scheduling order. *Id.*, E.D. Pa. dkt 140. The court explained that the vast majority of these motions concerned evidentiary and other trial-related matters that "will be more appropriately handled in the district courts to which any cases not otherwise disposed of in the MDL will be remanded." *Id.* at n.1. With respect to any potentially case-dispositive motions *in limine* pertaining to expert witnesses, however, the court directed defendants to re-file such motions by March 2, 2012, as set out in the Third Amended Case Management and Scheduling Order.

Neither A.W. Chesterton nor Rapid American filed any motions *in limine* pertaining to plaintiff's expert witnesses, nor did they indicate that they were joining such motions filed by other defendants. *See* E.D. Pa. dkts. 157-161.

On April 5, 2012, Judge Strawbridge issued orders granting summary judgment to defendants CBS Corporation and General Electric, on the ground that plaintiff lacked evidence showing that he was exposed to asbestos-containing products manufactured by these defendants. E.D. Pa. dkts. 172, 173.

On May 15, 2012, Judge Robreno of the Eastern District of Pennsylvania entered an order of a suggestion for remand. In the order, the court noted in relevant part that:

> c.) All discovery has been completed.
>
> d.) The Court has adjudicated all outstanding motions, including dispositive motions. Particularly relevant rulings include:
>
>> I. The motions for summary judgment of defendants General Electric Co. and CBS Corporation were granted. See doc. nos. 172, 173.
>
> e.) Rule 18 settlement discussions have been exhausted at this time as to the remaining viable defendants.
>
> f.) The Court finds that this case is prepared for trial without delay once on the transferor court's docket, subject to any motions trial-related in limine (including Daubert challenges).

E.D. Pa. dkt. 187; dkt. 41, exh. 5. So far as the record reflects, defendants did not raise any objection to the remand order.

After the case was remanded, this court held a status conference with the parties on July 5, 2012, at which it became apparent that the parties did not agree whether defendants could challenge plaintiff's experts on causation, Drs. Frank and Bedrossian. That matter was addressed again at status conferences on July 25 and October 5, 2012 and now has been briefed by both parties.

On August 2, 2012, defendant A.W. Chesterton filed Rule 26(a)(2) disclosures in this court, naming 30 expert witnesses. Dkt. 27, exh. 1. Plaintiff moves to strike them as untimely. Dkt. 33.

DISCUSSION

I. *Daubert* Motions

Everyone appears to agree that, per the terms of paragraph (f) of Judge Robreno's remand order, the parties may file in this court motions *in limine*, including those raising issues under *Daubert*, to the extent that such motions do not have the potential to dispose of the entire case. Where the parties diverge is whether the MDL court authorized the filing in this court of *case-dispositive Daubert* motions.[1]

The answer plainly is "No." As is explicit in Judge Strawbridge's February 1, 2012 orders, the MDL court drew a distinction between non-dispositive, trial-related motions *in limine* and those *Daubert*-based motions *in limine* aimed at wiping out the plaintiff's entire case, with the former reserved for the trial courts and the latter reserved for the MDL court. Judge Strawbridge provided a firm deadline of March 2, 2012 as the date by which such motions had to be filed, and other defendants who were parties to this case in the MDL court complied with that deadline. Although Judge Strawbridge did not rule on those motions because he dismissed the defendants on other grounds, nothing in the MDL court docket entries for this case suggests that the admissibility of the opinions of plaintiff's causation experts is still an open question; to the contrary, the remand order specified that this case is "ready for trial."

Defendants' contention that Judge Strawbridge's order of February 1, 2012 directing the filing of case-dispositive motions *in limine* should be read as prescriptive rather than proscriptive is illogical and unpersuasive. The entire point of transferring this case to the MDL court was for "consolidated and coordinated pretrial proceedings." As the MDL court's website explains, "[t]he purposes of this transfer or 'centralization' process are to avoid duplication of discovery, to prevent inconsistent pretrial rulings, and to conserve the resources of the parties, their counsel and the judiciary." Available at http://www.jpml.uscourts.gov/panel-info/overview-panel (visited Nov. 13, 2012); *see also* 28 U.S.C. § 1407(a) (transfer made upon determination that transfer "will be for the

---

[1] Defendants appear to agree that any *Daubert* motions they would file would be of this type.

4

convenience of parties and witnesses and will promote the just and efficient conduct of such actions."). These goals would be undermined if the parties were free to wait to file a potentially case-dispositive motion until their case was remanded to the trial court.

If defendants had wanted a ruling on the admissibility of plaintiff's expert opinions in this case, then they should have filed a motion *in limine* in the MDL action at the time prescribed by Magistrate Judge Strawbridge. Alternatively, they should have opposed the designation of this case as "trial ready" and ripe for remand. Having done neither of these things, they have waived their opportunity to challenge plaintiff's experts in this particular case.

That being so, I decline defendants' invitation to stay this case until the MDL court rules on case-dispositive motions pending in other MDL cases that are identical to the motions that defendants seek to file in this case. *See* dkt. 40. No matter how the MDL court rules in the other cases, defendants cannot bring a similar motion here.

## II. Motion to Strike

Pursuant to Fed. R. Civ. P. 26(a)(2)(A), "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Furthermore, under Fed. R. Civ. P. 37(c)(1),

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

"The sanction of exclusion is 'automatic and mandatory unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless.'" *NutraSweet Co. v. X–L Engineering Co.*, 227 F.3d 776, 785–86 (7th Cir. 2000) (quoting *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996)). When considering the existence of a substantial justification or the harmlessness of a failure to disclose, the court may consider: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the

likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date. *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003).

It is undisputed that A.W. Chesterton missed its deadline for disclosing expert witnesses. That deadline expired on January 6, 2012; defendant filed its expert witness disclosures on August 2, 2012. Defendant asks this court to find its untimely filing substantially justified, arguing that (1) attempts at settlement justify the untimely disclosure; (2) A.W. Chesterton required more time to complete expert discovery because fact discovery was still underway; and (3) plaintiff has requested extensions of its own expert discovery.

None of these arguments is persuasive. The fact that the parties have engaged in settlement discussions and may need to undertake more fact discovery may be a reason to seek an extension of an expert disclosure deadline, but it is not a license to ignore it. Although defendant offers reasons why it did not comply with its deadline, it offers *no* reason why it did not ask for an extension of that deadline prior to its expiration. The fact that defendant points–with no hint of irony–to *plaintiff*'s having sought expert deadline extensions makes its own silence all the more inexplicable and inexcusable.

In fact, as plaintiff points out, Magistrate Judge Strawbridge recently *denied* a motion for an extension by plaintiff's law firm in a number of other cases still pending in the MDL court, noting that it had been filed a month after fact discovery in those cases was to have closed. Dkt. 39, exh. 2. Here, defendant disclosed its experts *ten months* after fact discovery closed. Given the MDL case management goals discussed above and the staggering number of asbestos cases the MDL court has had to manage, Judge Strawbridge's insistence on firm deadlines is logical, necessary and commendable. I do not intend to deviate from that approach here.

Defendant argues that its late disclosure does not prejudice plaintiff because there is still time before the March trial date for plaintiff to depose the experts or otherwise engage in discovery with respect to their opinions. I disagree. Defendant named 30 experts. Although I surmise that defendant does not actually intend to call all 30 experts at trial, plaintiff still would have to expend

6

substantial time, effort and money deposing those experts, and afterwards would be entitled to file *Daubert* motions of the sort that this court already has ruled untimely earlier in this same order. Expecting plaintiff and the court to complete all of these steps before the March trial date is unreasonable.

Additionally, defendant's position gives short shrift to the respective roles of this court and the MDL court in this case. The naming and discovery of defendant's experts was a pretrial matter that was to have been undertaken in the MDL court prior to remand, with this court's role limited to trying the case. Allowing defendant to disclose its experts at this juncture in this court would undermine the MDL court's goal of conducting consolidated pretrial proceedings and achieving consistent rulings on matters common to large numbers of these asbestos cases. Although I commend defendant for working to settle this case and others, the deadlines imposed in the MDL court were aimed precisely at keeping these cases moving through the system and on track for eventual trial. That is the track on which we will stay. Accordingly, I am granting plaintiff's motion to strike.

## ORDER

IT IS ORDERED THAT:

1. Plaintiff's motion to strike defendant A.W. Chesterton's expert witness disclosures, dkt. 33, is GRANTED.

2. This court will not entertain any *Daubert* motions challenging plaintiff's experts where, if granted, that motion would have a case-dispositive effect.

Entered this 19th day of November, 2012.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge