**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| GERALD F. BUSHMAKER,<br><br>  Plaintiff,<br>v.<br><br>A. W. CHESTERTON COMPANY, *et al.*<br><br>  Defendants. | Case No. 3:09-cv-00726 SLC |

**RAPID-AMERICAN CORPORATION'S PROPOSED JURY INSTRUCTIONS**

NOW COMES Defendant Rapid-American Corporation, and pursuant to the Court's Scheduling Order of July 26, 2012, respectfully submits its proposed instructions to be submitted to the jury in connection with its proposed special verdict. These instructions are submitted based on the information currently available to Rapid-American Corporation and it reserves the right to withdraw, modify and/or supplement its proposed instructions based on the evidence presented at trial.

Dated this 11th day of January, 2013.

MENN LAW FIRM, LTD.
Attorneys for the Defendant,
Rapid-American Corporation

BY: /S/MARK R. FELDMANN
Mark R. Feldmann
State Bar No. 1017847

P.O. ADDRESS:

2501 East Enterprise Avenue
P.O. Box 785
Appleton, WI 54912-0785
PHONE: 920.731.6631
FAX: 920.734.0981

RASMUSSEN, WILLIS, DICKEY &
 MOORE, LLC
Attorneys for the Defendant,
Rapid-American Corporation


BY: /S/ STEVEN B. MOORE
Steven B. Moore
*Admitted Pro Hac Vice*


9200 Ward Parkway, Suite 400
Kansas City, MO  64114
PHONE: 816-960-1611
FAX: 816-960-1669

**WIS JI-CIVIL**
**JURY NOT TO SPECULATE**
(First sentence to be read in conjunction with
Wis. J.I.-Civil 200, Burden of Proof: Ordinary)

In answering the questions on the verdict, you are not allowed to guess what the answers should be.  If, after discussing the testimony and all other evidence which relates to a particular question you find that the evidence is uncertain or inadequate to the point where you have to guess what the answer should be, then the party having the burden of proof as to that question has not met the required burden of proof.  Your answers must be based upon evidence that you believe, evidence from which you could find the existence of the facts which the party must provide to satisfy the burden of proof as to the question under consideration.

Authority:  Former Wis. J.I.-Civil 220.


Submitted by Defendant, Rapid-American Corporation

**WIS JI-CIVIL**
**265    EXPERT TESTIMONY:  HYPOTHETICAL QUESTIONS**

During the trial, an expert witness was told to assume certain facts and asked for an opinion based upon the assumed facts.  This is called a hypothetical question.  Consider the opinion in answer to the question only if you believe the assumed facts upon which it is based.  If you find that the assumed facts in the hypothetical question have not been proved, do not give any weight to the opinion.

Copyright 2011, Regents, Univ. of Wis.

Submitted by Defendant, Rapid-American Corporation

**WIS JI-CIVIL**
**1005  NEGLIGENCE:  DEFINED**

A person is negligent when (he) (~~she~~) fails to exercise ordinary care.  Ordinary care is the care which a reasonable person would use in similar circumstances.  A person is not using ordinary care and is negligent, if the person, without intending to do harm, does something (or fails to do something) that a reasonable person would recognize as creating an unreasonable risk of injury or damage to a person or property.

(For the violation of a safety statute, see Wis JI-Civil 1009.)

Copyright 2010, Regents, Univ. of Wis.

Submitted by Defendant, Rapid-American Corporation

**WIS JI-CIVIL**
**1007  CONTRIBUTORY NEGLIGENCE:  DEFINED**

Every person in all situations has a duty to exercise ordinary care for his or her own safety.  This does not mean that a person is required at all hazards to avoid injury; a person must, however, exercise ordinary care to take precautions to avoid injury to himself or herself.

ADDITIONAL OR OPTIONAL PARAGRAPHS

(A person must exercise ordinary care to employ (his) (her) senses of sight and hearing so as to become aware of the existence of danger to (him) (her).  A failure to do so is negligence.)

(It is the duty of every person to exercise ordinary care to recognize and appreciate all dangers that are open and obvious to (him) (her) or which should have been recognized and appreciated by a reasonably prudent person under the same or similar circumstances.  That the warning of the existence of danger was not seen or was not heard does not free one from negligence.  In addition, one who looks and fails to see, or listens and fails to hear, a warning of danger which under like or similar circumstances would have been seen or heard by a reasonably prudent person is as guilty of negligence as one who did not look or listen at all.)

(However, a person is not bound to see every hazard or danger in his or her pathway even though they should be plainly observable nor to remember the existence of every condition of which the person has had knowledge.  A person is only required to act as a reasonably prudent person would act under the same or similar circumstances.)

(To be free of negligence, a person must exercise ordinary care in choosing his or her course of conduct and in the pursuit of that choice.  A person is not guilty of negligence in making a choice of conduct if the person has no knowledge that one course of conduct carries a greater hazard than another, provided that such lack of knowledge is not the result of the person's failure to exercise ordinary care.)

(Insert Wis JI-Civil 1015, Negligence in an Emergency, if applicable.)

Copyright 2005, Regents, Univ. of Wis.

Submitted by Defendant, Rapid-American Corporation

**WIS JI-CIVIL**
**1500   CAUSE** *(as modified)*

If you find that a product was defective and unreasonably dangerous, or that some party was negligent, several questions in the special verdict form ask you to decide whether that defective product or that negligence was a "cause" of the plaintiff's injury. Notice that these questions do not ask about "the cause" but rather "a cause" of his injury. The reason for this is that there may be more than one cause of an injury. The negligence of one person may cause it, or the combined negligence of two or more people may cause it.

Before you can find that any person's negligence or a defective product was a cause of the plaintiff's injury, you must find that that negligence or that defective product was a "substantial factor" in producing the injury. In this context "substantial factor" means that the negligence had a "substantial influence," that there was a real, actual connection between the negligence and the injury, and that the negligence in question was an operating factor which had a substantial effect in producing the injury. The mere fact that you find a party was negligent or that a product was defective does not establish that the negligence or defect was a cause of the plaintiff's injury. It must also be shown that the negligence or defect produced or helped produce the injury complained of.

**AUTHORITY:**

Wis. J.I. – Civil 1500

*Jones v. Dane County,* 195 Wis.2d 892, 925, 537 N.W.2d 74, 84 (Ct.App.1995)

*Fondell v. Lucky Stores, Inc.*, 85 Wis. 2d, 220, 270 N.W.2d 205 (1978)

Submitted by Defendant, Rapid-American Corporation

**CAUSE-IN-FACT**

In order for an asbestos containing product to be a cause of a person's injury, the plaintiff must prove that he had significant exposure to or contact with that particular product on a regular basis over a period of time. That is, plaintiff must show that Gerald Bushmaker had more than a casual, minimum or incidental contact with an asbestos-containing product.

Plaintiff may meet her burden by showing that Gerald Bushmaker worked with a particular asbestos-containing product himself, or worked in the limited area or immediate vicinity where other workers were using that product. Simply showing that a particular asbestos-containing product was ordered by an employer where Gerald Bushmaker worked or was used at a particular job site or by a particular supplier is not sufficient to establish that Gerald Bushmaker was exposed to that product, or that that product was a substantial cause of Gerald Bushmaker's injury. Rather, plaintiff must show that the particular asbestos-containing products were in fact used by Gerald Bushmaker or in his immediate presence on a regular basis over a period of time.

**AUTHORITY:**

*Fondell v. Lucky Stores, Inc.,* 85 Wis. 2d 220, 226-28, 270 N.W.2d 205 (1978);

*Lohrmann v. Pittsburgh Corning Corp.*, 782 F.2d 1156, 1161-64 (4th Cir. 1986);

*Blackston v. Shook & Fletcher Insulation Co.,* 764 F.2d 1480 (11th Cir. 1985);

*Roehling v. National Gypsum Co.,* 786 F.2d 1225 (4th Cir. 1986).


Submitted by Defendant, Rapid-American Corporation

**WIS JI-CIVIL**
**1580 COMPARATIVE NEGLIGENCE:       PLAINTIFF AND ONE OR MORE
DEFENDANTS (modified)**

If, by your previous answers, you are required to answer this question, you will determine how much and to what extent each party, <u>including Mr. Bushmaker</u>, is to blame for causing (~~the~~) <u>Mr. Bushmaker's</u> (injury) (~~damage~~) (~~accident~~).  You will decide the percentage (a portion of 100%) attributable to each party in causing the (injury) (~~damage~~) (~~accident~~).

<u>This question requires that you determine the relative fault of Mr. Bushmaker and each company that gave Mr. Bushmaker significant occupational asbestos exposure and caused Mr. Bushmaker to develop lung cancer.  In answering this question you will assign such percentage, that is, some part of 100%, which you find is attributable to each party appearing in the question</u>.

The burden of proof on these subdivisions is on the party who asserts the percentage of causal negligence attributable to the other, and that party must satisfy you by the greater weight of the credible evidence, to a reasonable certainty, what your answer should be.

Copyright 2011, Regents, Univ. of Wis.

Submitted by Defendant, Rapid-American Corporation

**WIS JI-CIVIL**
**3240   NEGLIGENCE:  DUTY OF MANUFACTURER**

It is the duty of a manufacturer to exercise ordinary care in the design, construction, and manufacture of its product so as to render the product safe for its intended use and also safe for unintended uses which are reasonably foreseeable.

It is the further duty of the manufacturer, in the exercise of ordinary care, to make all reasonable and adequate tests and inspections of its product so as to guard against any defective condition which would render such product unsafe when used as it is intended to be used.  A manufacturer is charged with the knowledge of its own methods of manufacturing its product and the defects in such methods, if any.

Failure of the manufacturer to perform any such duty constitutes negligence.

Copyright 2007, Regents, Univ. of Wis.

Submitted by Defendant, Rapid-American Corporation

**WIS JI-CIVIL**
**3242   NEGLIGENCE:  DUTY OF MANUFACTURER (SUPPLIER) TO WARN**

A manufacturer (~~supplier~~) of a product has a duty to exercise ordinary care to warn of dangers which he or she knows, or should know, are associated with the proper use of the product.  This duty exists whether or not the product was properly designed. "Proper use" means a use which is intended by the manufacturer (~~supplier~~).  In addition, a manufacturer (~~supplier~~) has the duty to warn of dangers inherent in a use not intended by the manufacturer (~~supplier~~) if such unintended use is reasonably foreseeable by the manufacturer (~~supplier~~).

However, a manufacturer (~~supplier~~) does not have a duty to warn about dangers that are known to the user, or are obvious to or readily discoverable by potential users, or are so commonly known that it can reasonably be assumed that users will be familiar with them.   Additionally, the manufacturer does not have to warn about dangers associated with unforeseeable misuses of the product.

Copyright 2011, Regents, Univ. of Wis.

Submitted by Defendant, Rapid-American Corporation

**WIS JI-CIVIL**
**3250  NEGLIGENCE:  DUTY OF SELLER:  INSTALLING (SERVICING) PRODUCT**

It is the duty of a person, who, while delivering (installing, servicing) a (~~machine~~) (~~equipment~~) product, has observed defects in the same, to exercise ordinary care to (~~repair~~) install such (~~defects~~) product so as to render such (~~machine~~) (~~equipment~~) product safe for its intended use, or give the buyer or user thereof notice of the danger involved in the use thereof.

Copyright 1994, Regents, Univ. of Wis.

Submitted by Defendant, Rapid-American Corporation

**WIS JI-CIVIL**
**3254  DUTY OF BUYER OR CONSUMER**

The (buyer) (consumer) user of a product has a duty to use ordinary care for his or her own safety and protection and, to that end, to observe all obvious and patent defects and dangerous conditions, if any, which are open and obvious to him or her if he or she is using reasonable care and caution for his or her own safety and protection. The danger, however, must not only be obvious but also must be understood by the (buyer) (consumer) user of a product.  The failure to use a product in accordance with the instructions which are adequate, if you find they were adequate, or the use of such product in an abnormal manner is negligence.

A person is not bound absolutely by law to see every defect or dangerous condition or even to remember the existence of every defect or dangerous condition of which he or she had knowledge.  He or she is only required to act as a reasonably prudent person under the same or similar circumstances would act.

A person is not required to anticipate negligent acts or omissions on the part of others and is not guilty of contributory negligence in failing to look out for danger when there is no reason to suspect any such danger.

Copyright 1994, Regents, Univ. of Wis.

Submitted by Defendant, Rapid-American Corporation

**WIS JI-CIVIL**
**3260  STRICT LIABILITY:  DUTY OF MANUFACTURER TO ULTIMATE USER (FOR ACTIONS COMMENCED BEFORE FEBRUARY 1, 2011)**

A manufacturer of a product who sells (~~places on the market~~) a defective product which is unreasonably dangerous to the ordinary user or consumer, and which is expected and does reach the consumer without substantial change in the condition in which it is sold, is regarded by law as responsible for harm caused by the product even though he or she has exercised all possible care in the preparation and sale of the product, provided the product was being used for the purpose for which it was designed and intended to be used.

A product is said to be defective when it is in a condition not contemplated by the ordinary user or consumer which is unreasonably dangerous to the ordinary user or consumer, and the defect arose out of design, manufacture, or inspection while the article was in the control of the manufacturer.  A defective product is unreasonably dangerous to the ordinary user or consumer when it is dangerous to an extent beyond that which would be contemplated by the ordinary user (~~consumer~~) possessing the knowledge of the product's characteristics which were common to the community.  A product is not defective if it is safe for normal use.

A manufacturer is not under a duty to manufacture a product which is absolutely free from all possible harm to every individual.  It is the duty of the manufacturer not to place upon the market a defective product which is unreasonably dangerous to the ordinary user (consumer).

Question 1 on the verdict form asks:

When (product) left the possession of (manufacturer) was (product) in a defective condition so as to be unreasonably dangerous to a prospective (user) (~~consumer~~)?

Before you can answer question _____ "yes," you must be satisfied that:  (1) the product was in a defective condition; (2) the defective condition made the product unreasonably dangerous to people; (3) the defective condition of the product existed when the product was under the control of the manufacturer; and (4) the product reached the user (~~consumer~~) without substantial change in the condition in which it was sold.

[~~There is no claim in this case that (product) failed to perform its intended purpose of (insert purpose of product, for example, protecting against the transmission of bloodborne pathogens).  You may find the (product) was dangerous beyond the reasonable contemplation by an ordinary user or consumer, even if it served its intended purpose.~~]

[~~Lack of knowledge on the part of (defendant) that (insert condition of product, e.g. proteins in natural rubber latex may sensitize and cause allergic reactions) to some individuals is not a defense to the claims made by (plaintiff).  A manufacturer is responsible for harm caused by a defective and unreasonably dangerous product even if the manufacturer had no knowledge or could not have known of the risk of harm presented by the condition of the product.~~]

Copyright 2012, Regents, Univ. of Wis.

Submitted by Defendant, Rapid-American Corporation

**WIS JI-CIVIL**
**3262  STRICT LIABILITY:   DUTY OF MANUFACTURER (SUPPLIER) TO WARN (FOR ACTIONS COMMENCED BEFORE FEBRUARY 1, 2011) (modified)**

A manufacturer (~~supplier~~) of a product must provide warnings concerning any dangerous condition of the product or any danger connected with its proper use of which he or she knows or should know.  "Proper use" means a use which is intended by the manufacturer (~~supplier~~).  In addition, a manufacturer (~~supplier~~) has the duty to warn of dangers inherent in a use not intended by the manufacturer (~~supplier~~), if such unintended use was reasonably foreseeable by the manufacturer (~~supplier~~).

A manufacturer has a duty to warn only of dangers of which it has actual knowledge or dangers which in the exercise of ordinary care it should have knowledge. A manufacturer or seller has no duty to warn of any danger in the use of its products unless and until the state of medical and scientific knowledge was such that a reasonably prudent manufacturer would have been aware of danger and necessity of giving warning.

~~However, a~~ A manufacturer (~~supplier~~) does not have a duty to warn about dangers that are known to the user, or are obvious to or readily discoverable by potential users, or are so commonly known that it can reasonably be assumed that users will be familiar with them.  Additionally, the manufacturer does not have to warn about dangers associated with unforeseeable misuses of the product.

Copyright 2012, Regents, Univ. of Wis.

As modified pursuant to *Schiefer v. Keene Corp.*, 433 N.W.2d 32 (Wis. Ct. App. 1988)

Submitted by Defendant, Rapid-American Corporation

**WIS JI-CIVIL**
**3268   PRODUCT LIABILITY:  CONTRIBUTORY NEGLIGENCE**

Negligence is the failure to exercise ordinary care.

The user of a product has the duty to exercise ordinary care for his or her own safety and protection.  If you find that (plaintiff) (misused the product) (used the product knowing it to be defective or unreasonably dangerous) (used the product after altering or modifying the product) (~~used the product knowing the product was worn out in such a manner as to render the product unsafe~~) (failed to follow the instructions and warnings as to the use of the product), then you should find (plaintiff) negligent.  If you are not so satisfied, you should find (plaintiff) not negligent.

Copyright 2012, Regents, Univ. of Wis.

Submitted by Defendant, Rapid-American Corporation

**WIS JI-CIVIL**
**1900.2          SAFE-PLACE STATUTE:  DUTY OF EMPLOYER (modified)**

The immediate employer of (~~plaintiff~~) a person has a duty under ~~the~~ Wisconsin's "safe-place" law to provide safe employment for (~~his~~) (~~her~~) its employees.

Safe employment is broader in scope than a safe place of employment and may require something more than a safe place to work in the physical sense.  It includes a safe place to work, but if the work situation is such, it may also require adequate training in the use of equipment, warnings, signals, or devices to advise employees of, and guard against, hazards of which they may not otherwise be apprised.

Copyright 1992, Regents, Univ. of Wis.

Submitted by Defendant, Rapid-American Corporation

WIS JI-CIVIL
1900.4     SAFE-PLACE STATUTE:  INJURY TO FREQUENTER:  NEGLIGENCE
           OF EMPLOYER OR OWNER OF A PLACE OF EMPLOYMENT
           (modified)


**(Give Wis JI-Civil 1005.)**

Question (~~1~~) asks:  Was (~~defendant~~) Consolidated Papers negligent in failing to (~~construct~~) (~~repair~~) (maintain) the premises as safe as the nature of its business would reasonably permit.

~~The Wisconsin Legislature enacted a law which is known as the Safe-Place Statute, which applies to this case.~~ ~~That~~ Wisconsin's "safe-place" law imposes a duty upon (~~defendant~~) Consolidated Papers in this case to (~~construct~~) (~~repair~~) (maintain) the premises upon which (plaintiff) was injured so as to make them safe.  The law requires (~~defendant~~) Consolidated Papers to (furnish and use safety devices and safeguards) (adopt and use methods and processes) reasonably adequate to render the place of employment safe. Violation of this law is negligence.

The term "safe" or "safety," as used in this law, does not mean absolute safety. The term "safe" or "safety," as applied to the premises in this case, means such freedom from danger to the life, health, safety, or welfare of (plaintiff) as the nature of the premises will reasonably permit.

(~~Defendant~~) Consolidated Papers was not required to guarantee (plaintiff)'s safety but rather was required to (construct) (repair) and (maintain) the premises as safe as the nature of the place would reasonably permit.

In determining whether (~~defendant~~) Consolidated Papers' premises were as free from danger as its nature would permit, you will consider the adequacy of the

(~~construction~~) (~~repair~~) (maintenance) of the premises, bearing in mind the nature of the business and the manner in which the business is customarily conducted.

[**Note**: ~~The following paragraph should not be given where the defect is a structural defect:   To find that (defendant) Consolidated Papers failed to (construct) (repair) (maintain) the premises in question as safe as the nature of the place reasonably permitted, you must find that (defendant) Consolidated Papers had actual notice of the alleged defect in time to take reasonable precautions to remedy the situation or that the defect existed for such a length of time (before the accident) that (defendant) Consolidated Papers or its employees in the exercise of reasonable diligence (this includes the duty of inspection) should have discovered the defect in time to take reasonable precautions to remedy the situation.   However, this notice requirement does not apply where (defendant) Consolidated Papers' affirmative act created the defect.~~]

Copyright 2007, Regents, Univ. of Wis.

Submitted by Defendant, Rapid-American Corporation

**WIS JI-CIVIL**
**1901  SAFE-PLACE STATUTE:  DEFINITION OF FREQUENTER**

The term "frequenter" means and includes every person except a trespasser who may go in or be in (a place of employment or a public building).

One who goes upon premises owned, occupied, or possessed by another without an invitation, express or implied, extended by the owner, occupant, or possessor, and solely for his or her pleasure, advantage, or purpose is a trespasser and not a frequenter.

The term "express invitation" means a specific invitation to come upon premises. An "implied invitation" is one which may be reasonably assumed from the circumstances which have caused a person to be on the premises of another.

[1. When the (owner) or (possessor) of premises has ordered a contractor to do work upon the premises, it is implied that the employees of the contractor have the invitation and consent of the (owner) or (possessor) to come upon the premises and do the work which has been ordered.]

[2. When a retail merchant, theater proprietor, etc., solicits the patronage of the public in the conduct of business, the invitation could be both express and implied.]

[3. Under some circumstances, an invitee, either express or implied, may be a frequenter of one part of the (owner)'s or (possessor)'s premises and a trespasser in another part to which (he) (she) has not been invited (behind the meat counter, in the boiler room, etc.).]

Copyright 1996, Regents, Univ. of Wis.

Submitted by Defendant, Rapid-American Corporation

**WIS JI-CIVIL**
**1902  SAFE-PLACE STATUTE: NEGLIGENCE OF PLAINTIFF FREQUENTER**

(Plaintiff) had a duty to use ordinary care for (his) (~~her~~) own safety and protection and to observe the immediate surroundings and all other conditions surrounding (him) (~~her~~), and the dangers, if any, which were open and obvious to (him) (~~her~~), and to use for (his) (~~her~~) safety all such care and caution as the ordinarily prudent person ordinarily uses under like circumstances.

[However, (plaintiff) is not bound absolutely by law to see every hazard or danger, if any exists, in (his) (~~her~~) pathway, even should they be plainly observable, nor to remember the existence of every condition of which (he) (~~her~~) had knowledge. (Plaintiff) is only required to act as a reasonably prudent person under the same circumstances would act.]

[Ordinary care demands that such vigilance be increased where special circumstances exist.  The degree of diligence with respect to keeping a proper lookout on the part of (a ~~(customer of a store) — such as~~) (plaintiff) (~~was — in order to measure up to the standard of ordinary care which the law requires~~) varies with the time and place and the conditions which exist (~~might normally be brought about by weather or traffic into a _____ (mercantile establishment)~~), and the opportunity to observe things ahead of and about (him) (~~her~~), and all other circumstances then and there present.]

Copyright 2004, Regents, Univ. of Wis.

Submitted by Defendant, Rapid-American Corporation

**WIS JI-CIVIL**
**COMPLIANCE WITH GOVERNMENT REGULATIONS**

Compliance with government safety standards constitutes strong and substantial evidence that a product is not defective.

Authority:  *Lorenz v. The Celotex Corp.*, 896 F.2d 148 (5th Cir. 1990); *Gideon v. Johns-Manville*, 761 F.2d 1129 (5th Cir. 1985).


Submitted by Defendant, Rapid-American Corporation

**WIS JI-CIVIL**
**1756   PERSONAL INJURIES:  PAST HEALTH CARE EXPENSES**

(Question _____) (Subdivision _____ of question _____) asks what sum of money will fairly and reasonably compensate (plaintiff) for past health care services.

You will insert as your answer to this (question) (subdivision) the sum of money you find has reasonably and necessarily been incurred (~~from the date of the accident~~) up to this time for the care of the injuries sustained by (plaintiff) as a result of exposure to asbestos (~~the accident~~).

Billing statements (which may include invoices) for health care services (plaintiff) has received (in connection with his treatment) ~~since the accident~~ have been admitted into evidence.

[**NOTE: Use the following paragraph if no evidence has been received disputing the value, reasonableness, or necessity of health care services provided to plaintiff:**  These billing statements establish the value, reasonableness, and necessity of health care services provided to (plaintiff).  You must still determine whether the health care services were provided for the injuries sustained by (plaintiff) as a result of exposure to asbestos (~~the accident~~).].

[**NOTE:  Use the following paragraph if evidence has been received disputing the value, reasonableness, or necessity of health care services provided to plaintiff:**  The party challenging the (value of) (reasonableness and necessity of) (plaintiff)'s past health care services has the burden to prove they were not (reasonable in amount) (reasonably and necessarily provided to care for (plaintiff)).  Unless you are satisfied by the greater weight of the credible evidence, to a reasonable certainty, that the billing statements (were not reasonable in amount) (do not reflect

health care services reasonably and necessarily provided to care for (plaintiff)), you must find (the billing statements reflect the reasonable value of the health care services) (the health care services reflected in the billing statements were reasonably and necessarily provided to care for (plaintiff)).  You must still determine whether the health care services were provided for the injuries sustained by (plaintiff) as a result of exposure to asbestos (the accident).]

Copyright 2011, Regents, Univ. of Wis.


Submitted by Defendant, Rapid-American Corporation